IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROSE MARION HERRING,<br><br>               Plaintiff<br><br>     VS.<br><br>MICHAEL J. ASTRUE,<br>S.S. Commissioner,<br><br>               Defendant | NO. 5:07-CV-279 (CAR)<br><br>**SOCIAL SECURITY APPEAL** |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. On March 27, 2002, plaintiff filed an application for Social Security Disability Benefits alleging disability beginning January 24, 2002.  The application was denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ") which was held on September 8, 2005.  The ALJ found that the plaintiff was not disabled in a decision dated October 3, 2005.  The Appeals Council denied the plaintiff's request for review on May 31, 2007, making the hearing decision the final decision of the Commissioner.  Thereafter, on July 20, 2007, the plaintiff filed the instant Complaint.  Tab #1.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987).  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*   The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker,* 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 et seq.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## DISCUSSION

In her initial application, the plaintiff HERRING alleges that she is disabled and entitled to benefits due to carpal tunnel syndrome, depression, anxiety, high cholesterol, high blood pressure, lupus, a history of stroke, and arthritis. After being denied the benefits she sought, the plaintiff filed a request for a hearing to appeal the Commissioner's decision. After the hearing was held and the evidence reviewed, the ALJ found that although the plaintiff was unable to perform past work, there were jobs available that would allow her to engage in gainful employment.

The record reflects that the plaintiff has a college education and that her past relevant employment was with the Georgia Department of Family and Children's Services where she was a caseworker/caseworker supervisor. A review of the ALJ's findings in this matter reveals that the plaintiff was found to have osteoarthritis of the left knee, hypertension, a depressive disorder, a generalized anxiety disorder, and a personality disorder all of which were deemed severe within the

meaning of the Regulations. The ALJ further found that plaintiff has the residual functional capacity to perform a significant range of light work. In addition, the ALJ stated that plaintiff could lift and carry items weighing twenty (20) pounds occasionally and ten (10) pounds frequently. She was further found to be able to tolerate no more than limited contact with the public. Due to these findings, with the testimony of a vocational expert, the ALJ found that plaintiff would not have the RFC to return to previous work. The ALJ did find, however, that there were jobs which existed in the national and local economies that this plaintiff could perform.

In her complaint and in subsequent filings, and with regard to grounds for appeal, plaintiff HERRING indicates only that she meets all of the requirements for benefits thus making the Commissioner's decision denying benefits improper. In light of the applicable legal standards set out above, and after scrutinizing the record in this case, the undersigned cannot agree. It appears that the ALJ properly applied the relevant legal standards and that his decision, which was affirmed by the Commissioner, is supported by substantial evidence.

Accordingly, IT IS RECOMMENDED that the Commissioner's decision be AFFIRMED and that the instant appeal be DENIED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 10th day of MARCH, 2009.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE